UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:04cv-81-M**

**CLARENCE RICHARD HOLTZCLAW**                                               **PLAINTIFF**

**VS.**

**GLEN L. McCULLOUGH, JR., et al.**                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment [DN 34] filed by the Defendants, Glen L. McCullough, chairman of the TVA Board of Directors, and Skila Harris and Bill Baxter, members of the TVA Board of Directors. The Court has reviewed the parties' filings and the record herein and for the reasons set forth below, the Defendants' motion is **GRANTED**.

### I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter

must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  Rule 56 requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  It is against this standard that the Court reviews the following facts.

## II.  FACTS

In March of 2002, Plaintiff Clarence Holtzclaw interviewed for a position in the Student Generating Plant Operator (SGPO) training program for 2002 at the Tennessee Valley Authority's (TVA) Paradise Fossil Plant (Paradise).  The SGPO trainee position is governed by a collective bargaining agreement between TVA and the Trades and Labor Council for Annual Employees of the Tennessee Valley Authority (Council).  Pursuant to this agreement, the TVA and the Council developed joint training programs for operations and maintenance work and agreed to jointly select the trainees for those programs.  The method used for hiring trainees at TVA's fossil fuel plants under this

collective bargaining agreement is laid out in the "Agreement for the Joint Administration of Training for COO Trades and Labor Employees (Joint Training Plan)." Under this plan, the selection process for SGPO trainees differs significantly from the process TVA uses to fill other positions.

In addition to other basic requirements, in order to be considered for a position in the SGPO trainee program each applicant must meet academic requirements. These requirements entail having a minimum of a two year degree from a regionally accredited educational institution or the equivalent of that degree. The Joint Training Plan (JTP) enumerates six equivalency options that can be used as a minimum for consideration for the program. Each applicant who meets the academic requirements must take the Edison Electric Institute (EEI) examination, which is a form of aptitude test. The TVA never learns each applicant's actual score on this examination, because each applicant is only required to "pass" the exam to be considered for a trainee position.

Once an applicant meets the entry-level requirements and passes the EEI test, the JTP provides that these factors will have no further part in the hiring process. If an applicant meets these requirements, they will be considered for an interview as training positions become available at TVA's various fossil fuel plants. Once an applicant is called for an interview, the selection of applicants for the SGPO trainee program is made based solely on these personal interviews. In this case, the Plaintiff met the minimum qualifications set by the Joint Training Agreement to interview for the SGPO position at the Paradise plant, and he was one of 31 applicants interviewed during a March 5-7, 2002,

interview period.

A six-person team conducted the interviews using structured interview questions that were provided by the COO Human Resources organization. Each candidate was asked the same series of questions. The questions packet provided to each member of the team included the questions, the behaviors being assessed by each question, possible responses, and a rating scale. The team was not provided with the ages or birth dates of the interviewees and none of the questions centered on the interviewee's age.

Each member of the team individually scored each interviewee. After the interviews were finished, the team created a composite score for each question for every candidate by averaging the individual scores. The team was provided with a worksheet entitled "Interview Matrix" that indicated the weight to be given to each question, which was achieved by multiplying the weight to the composite score. The candidates total scores were created by adding the weighted composite scores of every question.

For the SGPO trainee program, the 15 candidates with the highest interview scores were offered positions. The Plaintiff's score ranked 28th out of 31 candidates. Therefore, he was not offered a trainee position.

On June 25, 2002, Plaintiff filed a formal Equal Employment Opportunity complaint with TVA's Equal Opportunity Compliance Staff alleging that he was not offered an SGPO trainee position because of his age. In February of 2002 the Equal Employment Opportunity Commission (EEOC) affirmed TVA's decision to dismiss the complaint, and in March of 2004 the EEOC issued a decision denying the Plaintiff a right

to further administrative appeal. The Plaintiff subsequently filed a timely complaint with this Court, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq.

### III.  DISCUSSION

The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623 (2004). In assessing ADEA age discrimination claims, the Circuits have generally applied the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The McDonnell Douglas test, modified for age discrimination cases, requires a plaintiff to establish a *prima facie* case by demonstrating that (1) he was a member of the protected class, meaning he was at least 40 years old; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) the successful applicant was substantially younger than the plaintiff. Bush v. Dictaphone Corp., 161 F.3d 363, 368 (6th Cir. 1998); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir. 1982).

After a plaintiff establishes a *prima facie* case, the burden shifting framework of McDonnell Douglas is applied. Bush, 161 F.3d at 368. First, the "burden of production then shifts to the defendant to produce evidence of a non-discriminatory reason for its action." Id. If the defendant produces such a reason, the burden shifts back to the

plaintiff to demonstrate that the defendant's reason is actually a pretext for discrimination. Id. The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 143 (2000) (citing Texas Dept. of Comty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

Plaintiff's difficulty lies in his inability to establish a prima facie case of discrimination. Plaintiff meets the first requirement; he was 54 years old at the time of the alleged discrimination. The Plaintiff meets the second requirement; he was not hired for the trainee position for which he interviewed. The Plaintiff meets the third requirement; he must have met the qualifications for the trainee position or he would not have received an interview, pursuant to the Joint Training Program's hiring guidelines. However, the Plaintiff doesn't appear to meet the fourth requirement because he has failed to show that all 15 candidates who were hired were substantially younger than him.

In O'Connor v. Consolidated Coin Caterers, the Supreme Court stated that "the fact that one person in the protected class has lost out to another person in the protected class is...irrelevant, so long as he has lost out *because of his age*." 517 U.S. 308, 312 (1996). Further "[t]he fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the McDonnel Douglas prima facie case." Id. Instead, "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced

by someone outside the protected class." Id. at 313. Therefore, what constitutes "substantially younger" is important here.

While the Plaintiff has failed to make the ages of each of the 15 part of the record argument against summary judgment, the Defendants introduced into the record in "Defendants' Responses to Plaintiff's First Discovery Request" the names and ages of all 31 candidates who were interviewed and all 15 candidates who were offered employment for the 2002 SGPO trainee selections at Paradise. Five candidates over the age of 40 were interviewed. Two of those five candidates, ages 42 and 48 were offered employment based on the interview process. However, the interviewers had no knowledge of the interviewees ages.

While age differences of ten years or more have generally been held to establish the "substantially younger" element of the McDonnell Douglas test, age differences of ten years or less have not. Grosjean v. First Energy Corp., 349 F.3d 332, 336-39 (6th Cir. 2003) (citing an extensive list of cases upholding this statement from each circuit). While the Sixth Circuit has declined to create a bright line rule for "substantially younger," it has held that "in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant." Id. at 340.

This is significant here because one of the candidates hired was 48 years old, which is six years younger than the Plaintiff, who was 54 at the time of the interviews. There is no direct evidence that TVA considered age to be significant, because the

7

requirements for being given an interview were not age specific, the interviewers did not know the specific age of each applicant, and the interviewees were asked age neutral questions. The 48 year-old successful applicant is therefore not "substantially younger" than the Plaintiff, and the fourth prong of the McDonnell Douglas *prima facie* case is not met. While most of the group offered positions in the training program were "substantially younger" than the Plaintiff, the fact that one was not serves to negate the inference that age was a factor in the selection process.

However, even assuming that Plaintiff could make out a *prima facie* case, the Plaintiff's claim still fails. Once a plaintiff has established a prima facie case, a defendant must produce a legitimate, nondiscriminatory reason for its action. <u>Bush</u>, 161 F.3d at 368. Here, the Defendants claim that the Plaintiff was not hired because the TVA made a good-faith determination that the individuals who were hired met TVA's required qualifications and scored higher than the Plaintiff in the interview process.

The Defendants have produced sufficient evidence to show that the qualified candidates were hired based solely on their interview scores, as required by the JTP of the collective bargaining agreement. The Plaintiff's interview score placed him 28th out of 31 candidates, and the Defendants offered employment only to the 15 highest scoring candidates. This is a legitimate, nondiscriminatory reason.

In order for the Plaintiff's claim to proceed, he must demonstrate that this legitimate, nondiscriminatory reason proffered by the Defendants is in fact a pretext for discrimination. To show pretext, the Plaintiff is "required to show by a preponderance of

the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994) (quoting McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993)).

      The Plaintiff argues that the TVA discriminated against him by failing to select the 15 SGPO trainees based on "merit and efficiency." Plaintiff argues that failing to hire him based on his definition of "merit and efficiency" equates to age discrimination because an applicant's merit and efficiency increase with age. He argues that he was substantially more qualified than several of the candidates who were hired.

      The TVA Act, 16 U.S.C. § 831(e) states "in the...selection of employees for [the TVA]...no political test or qualification shall be permitted or given consideration, but all such appointments and promotions shall be given and made on the basis of *merit and efficiency*" (emphasis added). Plaintiff argues that this is a legal requirement to hire employees based on merit and efficiency, which he believes the TVA violated with its method of selecting SGPO trainees under the JTP. The Defendant argues that this section of the Act does not dictate a selection process to the TVA; instead, it was written as a method of removing political patronage from the process of selecting employees for a federal agency. The Court agrees. This section of the Act is not a legal requirement for hiring that must be given the definition the Plaintiff has crafted.

      The Plaintiff presents several arguments as to why he is better qualified than

9

several of the candidates selected. He claims that several candidates had low college grade point averages, that he had many more hours of college credit and work experience, that he must have appeared much more motivated than the other candidates because he was well prepared for the interview. In addition, he claims that several of the candidates who were hired were given "unjustified" scores, meaning the interviewers chose not to write a comment on the candidates answer, proving that the interviewees must have collectively decided on the scores, instead of average their individual scores for each answer.

In attempting to establish pretext, a plaintiff may not may not rely on "mere personal beliefs, conjecture and speculation." Chappell v. GTE Prods. Corp., 803 F.2d 261, 268 (6th Cir. 1986). A plaintiff may not prove pretext merely by asserting that a potential employer could have made a better business decision, because the ADEA was not designed "to restrict an employer's rights to make bona fide business decisions." Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1179 (6th Cir.1983). In addition, the Plaintiff cannot show pretext by merely claiming that he was better qualified than other interviewees who were hired because his evaluation of his own qualifications is irrelevant. Wrenn v. Gould, 808 F.2d 493, 502 (6th Cir. 1987). Instead, for the Plaintiff to show that pretext existed by pointing out the difference in qualifications between himself and the candidates hired, he must show that defendant's business judgment "was so ridden with error that defendant could not have honestly relied upon it." Messner v. Lockheed Martin Energy Systems, Inc., 126 F.Supp.2d 502, 521 (E.D. Tenn. 2000)

(quoting Lieberman v. Gant, 630 F.2d 60, 65 (2nd Cir.1980)).

For these reasons, the Plaintiff's self-assessed qualifications have no bearing here because the TVA was free to set its own method for hiring SGPO trainees. Nothing indicates that the TVA's business judgment was filled with error and utterly unreliable. The TVA was required to follow the hiring methods set forth in the JTP, pursuant to the collective bargaining agreement. The Plaintiff has not set forth any evidence showing that the Defendant's proffered legitimate, nondiscriminatory reason for failing to hire him either (1) had no basis in fact, (2) did not actually motivate his discharge, or (3) were insufficient to motivate discharge. Manzer 29 F.3d at 1084. The Plaintiff has failed to show that the TVA's decision not to hire him was in any way related to his age.

## IV.  CONCLUSION

For the reasons discussed above, the Court finds that there exists no genuine issues of material fact from which a reasonable jury could conclude that the Defendants discriminated against the Plaintiff based on his age. The Defendants' motion for summary judgment [DN 34] is **GRANTED**.

cc: counsel of record